# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EAGLE ROCK CONTRACTING, LLC,

        Plaintiff,

vs.

NATIONAL SECURITY TECHNOLOGIES, LLC,

        Defendant.

Case No.: 2:14-cv-01278-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Amend (ECF No. 33) filed by Plaintiff Eagle Rock Contracting, LLC ("Plaintiff"). Defendant National Security Technologies, LLC ("Defendant") filed a Response (ECF No. 35), and Plaintiff filed a Reply (ECF No. 37). For the reasons discussed below, Plaintiff's Motion to Amend is **GRANTED**.

## I.  BACKGROUND

This case arises out of a subcontract entered into by Plaintiff Eagle Rock Contracting, LLC ("Plaintiff") and Defendant National Security Technologies, LLC ("Defendant"). (Am. Compl. ¶¶ 10–11, ECF No. 17). Plaintiff filed its Original Complaint on July 25, 2014, asserting a claim of breach of contract. (*See* Compl., ECF No. 1). Shortly thereafter, Plaintiff filed a Motion for Entry of Clerks Default (ECF No. 9). Then, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), asserting that Plaintiff failed to properly serve the Original Complaint and the Original Complaint failed to state a claim upon which relief may be granted. (Mot. to Dismiss 1:23–27, ECF No. 13).

Plaintiff filed its Amended Complaint as a matter of course on October 9, 2014. (*See* Am. Compl., ECF No. 17). Thereafter, Defendant filed a second Motion to Dismiss (ECF No. 22), to which Plaintiff filed its instant Motion to Amend (ECF No. 33).

## II.  LEGAL STANDARD

Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.  DISCUSSION

Defendant asserts that Plaintiff's Motion to Amend should be denied because Plaintiff's proposed Second Amended Complaint fails to state a claim upon which relief may be granted, and allowing amendment would be futile and prejudice Defendant. (Response 3:15–18, ECF No. 35).  In its proposed Second Amended Complaint, Plaintiff asserts the following two causes of action: (1) breach of contract; and (2) breach of the covenant of good faith and fair dealing. (Proposed SAC ¶¶ 18–31, ECF No. 33).

A breach of contract claim under Nevada law requires "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F. Supp. 2d 1271, 1274 (D. Nev. 2011).  Generally, a contract is valid and enforceable if there has been "an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

Here, Plaintiff has sufficiently alleged the existence of a valid and enforceable contract. Plaintiff alleges that the parties entered into a subcontract, "identified as Subcontract No. 123552 (with Exhibits A through F and F-1) to provide architectural-engineering design and construction (design-build) services." (Proposed SAC ¶ 8).  Additionally, Plaintiff alleges

various change order requests related to "additional work and incurred additional expenses during the course of the project, outside the scope of subcontracted work in Subcontract No. 123552," at Defendant's express direction. (*Id.* ¶¶ 10–15). Furthermore, Plaintiff claims that Defendant breached the subcontract and change order requests by refusing to pay Plaintiff "all amounts due." (*Id.* ¶ 23). As a result, Plaintiff claims that it has suffered damages "in an amount exceeding $75,000.00, plus interest." (*Id.* ¶ 24). Therefore, the proposed Second Amended Complaint satisfies all of the necessary elements of a breach of contract claim under Nevada law.

To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege that: (1) plaintiff and defendant were parties to an agreement; (2) defendant owed a duty of good faith to the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (per curiam). In Nevada, an implied covenant of good faith and fair dealing exists in every commercial contract, *Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998) (per curiam). A plaintiff may assert a claim for its breach "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract," *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–923 (Nev. 1991).

Here, Plaintiff asserts that a contractual agreement existed and that Defendant owed an implied duty of good faith to the Plaintiff because of the existence of the Agreement. (Proposed SAC ¶ 27). Plaintiff further alleges that Defendant breached this duty "by failing to perform the contract in a manner that was faithful to the purpose of the contract, thereby denying Eagle Rock's justified expectations." (*Id.* ¶ 28). More specifically, Plaintiff alleges that Defendant "demanded that [Plaintiff] perform additional work and incur additional expenses, outside the

scope of subcontracted work in Subcontract No. 123552," and "[b]ecause of [Defendant]'s refusal to pay for work and expenses incurred at its demand," Plaintiff has suffered damages. (*Id.* ¶¶ 29–30). Thus, the Court concludes that Plaintiff's Complaint "give[s] [D]efendant fair notice of a legally cognizable claim and the grounds on which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, because the Court finds that Plaintiff's proposed Second Amended Complaint alleges sufficient facts to support its claims of breach of contract and breach of the covenant of good faith and fair dealing, amendment would not be futile. Additionally, because Plaintiff sought leave to amend less than four months after filing its Original Complaint, the Court finds that amendment would not prejudice Defendant. Therefore, the Court grants Plaintiff's Motion to Amend.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend (ECF No. 33) is **GRANTED**. The Clerk of the Court shall file Plaintiff's proposed Second Amended Complaint, attached as Exhibit A to Plaintiff's Motion to Amend (ECF No. 33), as Plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Clerks Default (ECF No. 9), Defendant's Motion to Dismiss (ECF No. 13), and Defendant's Motion to Dismiss (ECF No. 22) are **DENIED as moot**.

**DATED** this 13th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge