SANDRA B. WICK MULVANY (CO SBN 31972)
(*Pro Hac Vice*)
EMAIL: sandra.wickmulvany@dentons.com
DENTONS US LLP
1400 Wewatta Street, Suite 700
Denver, Colorado 80202
TELEPHONE: (303) 634-4000
FACSIMILE: (303) 634-4400

ALEXANDRA B. MCLEOD (SBN 8185)
EMAIL: abm@thorndal.com
THORNDAL, ARMSTRONG, DELK,
 BALKENBUSH & EISINGER
1100 E. Bridger Avenue
Las Vegas, Nevada 89101
TELEPHONE: (702) 366-0622
FACSIMILE: (702) 366-0327

Attorneys for Defendant
NATIONAL SECURITY TECHNOLOGIES, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EAGLE ROCK CONTRACTING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL SECURITY TECHNOLOGIES, LLC,<br><br>Defendant. | CASE NO. 2:14-CV-01278-GMN-NJK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>AS AMENDED, PAGE 9 |

WHEREAS, Plaintiff Eagle Rock Contracting, LLC ("ERC") and Defendant National Security Technologies, LLC ("NSTec") believe that discovery conducted during this litigation may involve the disclosure of confidential and/or privileged documents and/or information, including, but not limited to, sensitive, proprietary, and confidential business information relevant to the above captioned dispute between ERC and NSTec (the "Parties"), filed in the United States District Court for the District of Nevada on July 25, 2014.

WHEREAS the Parties, by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown, wish to provide for the confidential treatment of all such Confidential Material (as defined below); and

WHEREAS the Parties agree to the entry of an order, pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, governing the review, copying, dissemination, and filing of confidential documents and information to be produced by any Party and its respective counsel or by any non-party during the course of discovery in this matter to the extent set forth below.

Subject to the Court's approval, the Parties hereby stipulate and agree to the following protective order:

### I.   DEFINITIONS

A.   **DESIGNATING PARTY.** "Designating Party" shall mean any person or entity, regardless of whether a Party to this action, who produces Confidential Information (as defined below) in connection with this litigation.

B.   **RECEIVING PARTY.** "Receiving Party" shall mean all persons or entities, regardless of whether a Party to this action, who receive Confidential Information in connection with this litigation.

C.   **CONFIDENTIAL INFORMATION.** "Confidential Information" shall mean all documents and testimony, and all information contained therein or derived therefrom, that is:

1. Produced for or disclosed to a Receiving Party;

2. Considered by the Designating Party in good faith to constitute or to contain confidential, proprietary, financial, or otherwise sensitive or

privileged information, whether embodied in physical objects, documents, or the factual knowledge of persons;

 3. Identified by the Designating Party in the manner described below in Section II.

 D. **CONFIDENTIALITY LEGEND.** "Confidentiality Legend" shall refer to the marking on documents or information with the phrase "CONFIDENTIAL—Subject to Protective Order."

   II. **DESIGNATION OF CONFIDENTIAL INFORMATION**

 A. **Designation.** When the Designating Party produces, discloses, or otherwise reveals Confidential Information, any such document, transcript, material, item, or thing deemed to be confidential shall be clearly designated or marked with the appropriate Confidentiality Legend and treated as confidential.

 1. In the case of deposition testimony, the designation shall be made by making an oral statement to such effect on the record during the course of the deposition, or by written notification to all Parties within thirty (30) days following receipt of the transcript of such deposition and the exhibits thereto (or later with leave of Court or by agreement among the Parties). Written designation must be made by reference to the specific page(s) and line number(s). Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such testimony and information shall be treated as Confidential Information.

 2. In the case of written documents, including, but not limited to, documentary evidence, affidavits, declarations, statements, written responses to requests for

production of documents, and responses to interrogatories or requests for admission, the appropriate Confidentiality Legend shall be placed on each page of any such written documents that contain information deemed by the Designating Party to be Confidential Information.

3.  If only a part or portion of a written document warrants protection under this Order, the Designating Party, to the extent practicable, shall identify the protected part(s) or portion(s) and clearly designate or mark the same with the appropriate Confidentiality Legend.

4.  If the document, material, item, or thing is stored or recorded electronically, and a legend cannot be stamped or affixed upon it, the Designating Party may designate or mark the same as "CONFIDENTIAL—Subject to Protective Order" by a cover letter, cover page, or by any other reasonable means to identify the information as Confidential Information.

5.  Documents produced by third parties shall be deemed Confidential Information for a period of thirty (30) days in order to permit the Parties to review the documents and determine if any portion of the documents shall be designated as Confidential Information. Within the thirty (30) day period, a Party that determines that documents produced by a third party include Confidential Information shall inform all other Parties of the specific documents or information that shall be deemed confidential and provide replacement copies of the Confidential Information that bear the appropriate Confidentiality Legend.

B.  **Time for Making Designation.** Any such designation or marking shall take place prior to production or disclosure by the Designating Party; provided, however, that in

the event that any document, material, item, or thing that may contain Confidential Information is made available for inspection by a Party, there will be no waiver of confidentiality by the inspecting of such document, material, item, or thing before it is copied and designated or marked with a Confidentiality Legend, and the inspecting Party shall treat the inspected material(s) as confidential, unless otherwise indicated by the Party permitting inspection.

    C.    **Representation by Designating Party**. By designating or marking any document, transcript, material, item, or thing as containing Confidential Information, the Designating Party is certifying that there is a good faith basis, both in law and in fact, for the designation or marking within the meaning of F.R.C.P. 26(g).

    D.    **Withdrawal of Confidentiality Designation**. A Designating Party may withdraw its previous designation of documents or information as confidential upon written notice to the Receiving Party and reproduction of the formerly designated documents without a Confidentiality Legend.

    E.    **Dispute Regarding Confidentiality Designation**. If, at any time, a Party wishes for any reason to dispute the Designating Party's designation of a document, transcript, material, item, or thing as Confidential Information and/or object to the inclusion of Confidential Information in any pleading, motion, brief, memorandum, or other paper filed with the Court, such Party (the "Disputing Party") shall notify the Designating Party of such dispute, in writing.

    1.    The Disputing Party shall, in writing, specifically identify the document, transcript, material, item, or thing designated as Confidential Information that is in dispute, by Bates Number or any other means sufficient to put the other Party on

notice of the information in dispute, and set forth the precise factual and/or legal basis of its dispute with regard to each such document, transcript, material, item, or thing.

2.      The Designating Party shall have fourteen (14) business days to respond. If the Designating Party refuses to remove the Confidential Legend, the Parties must participate in a discovery dispute conference at a mutually-agreeable date and time.

3.      If the Parties are thereafter unable to amicably resolve the dispute, the Disputing Party may apply by motion to the Court for a ruling as to whether the designated material may, in accordance with this Order, be properly treated as confidential, provided such motion is made within thirty (30) days from the date on which the Parties, after their good faith attempt, were unable to resolve the dispute, or such other time period as the Parties may agree. The Designating Party shall have the burden of establishing that the disputed document, transcript, material, item, or thing contains Confidential Information entitled to protection under this Order.

F.      **Documents and Materials Previously Designated Confidential.** This Order shall apply to any document, transcript, material, item, or thing designated as Confidential Information prior to the entry of this Order.

G.      **Right to Clawback.**

1. In the event a Designating Party inadvertently produces documents or information that it considers to be or to contain Confidential Information, without having first designated the material as such, the Designating Party may so designate it. The Designating Party must give written notice to all Parties that it claims that the material is or contains Confidential Information, in whole or in part. Upon such notice, the Designating Party shall provide all Parties who have received a copy of such materials

with a replacement copy marked with the Confidentiality Legend. All Parties receiving the replacement copy shall within (7) business days destroy, sequester, or return to the Designating Party, the (i) unmarked copy of the Confidential Information and any copies thereof and (ii) any work product or portions of any work product containing or reflecting unmarked copies of the Confidential Information.

2. Likewise, upon receipt of written notice from the Designating Party identifying any documents as being subject to non-disclosure on grounds including, but not limited to, privilege and attorney work-product ("Privileged Information"), the Receiving Party shall within seven (7) business days: (a) return or destroy (i) the Privileged Information; (ii) all copies; and (iii) any work product or portions of any work product containing or reflecting the contents of the Privileged Information.  The Receiving Party must provide written certification of destruction to the Designating Party, must not use or disclose the Privileged Information until the claim is resolved, and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified.  The Receiving Party may, within seven (7) business days (and after participating in a discovery dispute conference with the Designating Party consistent with applicable Court rules), file a motion to challenge the assertion of Privileged Information with the Court and tender the Privileged Information *in camera* or under seal.

3.   In connection with documents produced by the Parties, the inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld as Privileged Information shall NOT waive any privilege for that document or for the subject matter of the inadvertently disclosed document in the

present case or any other federal or state proceeding. These provisions are intended to be consistent with Federal Rule of Evidence 502 and are not to be construed to expand or diminish any of the Parties' rights or obligations as therein described.

### III. USE OF CONFIDENTIAL INFORMATION

A. **Use Generally.** All Confidential Information shall be used by the Parties, or non-parties to whom Confidential Information is produced, disclosed, or otherwise made available as permitted by this Order, solely for the purposes of this litigation and for no other purpose without prior written approval from the Court or the prior written consent of the Parties. Except as otherwise provided in this Order, Confidential Information shall not be disclosed or revealed to anyone other than as provided under Section IV of this Order, and shall be handled in the manner set forth herein until such Confidentiality Legend is removed by the Designating Party or by order of the Court, as well as any other court which may be handling appeals in this Case.

B. **Procedure.** The Receiving Party must proceed as follows:

1. Store and maintain Confidential Information in a secure manner, within its exclusive possession and control;

2. Take all measures reasonably necessary and appropriate to maintain the confidentiality of Confidential Information; and

3. Not permit or participate in the unauthorized production, disclosure, or use of Confidential Information.

C. **Limited Purpose.** Confidential Information shall be utilized by the Receiving Party and/or its counsel only for purposes of this litigation and for no other purposes except that the Receiving Party, if necessary, may show Confidential Information to parties identified

in Section IV. Extracts, summaries, copies, abstracts, or other documents, derived in whole or in part from material designated as Confidential Information, shall also be treated as Confidential Information in accordance with the provisions of this Protective Order.

D. **Filed Documents.** See order issued concurrently herewith ~~urt, a pleading, motion, or other paper containing ( ... shall comply with LR II 10-5. The documents and/or information shall be filed under seal and shall bear the legend:~~

~~**THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.**~~

~~Any such filing of Confidential Information shall be done in a manner consistent with federal custom and procedures regarding the filing of information under seal. Moreover, said Confidential Information shall be kept under seal until further order of the Court; however, such Confidential Information shall be available to the Court and counsel of record, and to all other persons entitled to receive Confidential Information under the terms of this Order. Upon failure of the filing or lodging Party to properly file Confidential Information under seal, any other Party may do so after learning of the defective filing or lodging. Notice of such action shall be given to the Parties.~~

## IV.     ACCESS TO CONFIDENTIAL INFORMATION

A.     **Persons Allowed Access to Confidential Information**. Any information, documents, transcripts, materials, items, or things designated or marked as containing Confidential Information shall not be used or shown, disclosed, revealed, disseminated, copied, or in any way communicated to any person or entity for any purpose whatsoever; provided, however, that Confidential Information may be disclosed, revealed or otherwise made available to the following recipients:

1. Personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein;

2. Counsel for the Parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, and are under the supervision or control of such counsel;

3. Expert witnesses or consultants (and their associated personnel and staff) retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein;

4. The Court and its personnel, jurors, and alternate jurors;

5. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

6. Outside photocopying, graphic production services, or litigation support services;

7. Any person who is indicated on the face of the document to have been an author, addressee, or recipient thereof; who is alleged by a Party to be an author, addressee, or recipient thereof; or who counsel believes in good faith has previously received the document or information by legal means from the Designating Party or another third party;

8. Trial and deposition witnesses; and

9. Any other person or non-party as to whom the Parties to this Order agree in writing may be given access to any discovery material(s) containing Confidential Information.

Notwithstanding the foregoing, if Confidential Information is disclosed to a witness, expert, or other third party pursuant to subparagraphs (3), (7), (8), or (9), the witness, expert, or third party must execute the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A, prior to the disclosure of any Confidential Information to such witness, expert, or third party. The executed Acknowledgment and Agreement to be Bound must be maintained by counsel for a given Party, a copy of which shall be provided upon reasonable request of the opposing Party.

B. **Endorsement of Stipulation and Protective Order.** All persons or entities obtaining, receiving, or being given access to Confidential Information, in accordance with the terms and conditions of this Order, consent to the continuing jurisdiction of the Court for the purpose(s) of enforcing this Order and/or remedying any violations thereof.

V. RESERVATION OF RIGHTS

A. Notwithstanding the foregoing, this Protective Order shall not be construed:

1. To apply to any document(s) or information that has been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party; or

2. To apply to any document(s) or information that, under law, has been declared to be in the public domain.

B. Producing or receiving documents and other information in accordance with this Order, or failing to object thereto, shall not:

1. Constitute a waiver by any person or Party of any right to object to or seek a further protective order with respect to any request for information in this or in any other action;

2. Operate as an admission by any Party that any particular documents or other information comprise or reflect trade secrets, proprietary information or any other type of confidential information;

3. Prejudice or waive in any way, the rights of the Parties to object to the production of documents they consider not subject to discovery for any reason other than the confidentiality of the documents;

4. Prejudice or waive in any way, the rights of any Party to object to the authenticity, relevancy, or admissibility into evidence of any document, testimony, or other evidence subject to the Protective Order; or

5. Prejudice or waive in any way, any claim or defense with respect to the proceeding.

C. Nothing in this Order shall prevent any Party from using or disclosing its own documents or information.

D. In the event that disclosure of any Confidential Information is sought from anyone who is subject to this Order pursuant to a lawful subpoena, demand by governmental authority or other legal process, such person or entity shall, upon receipt of such request, notify the Designating Party within seven (7) days of the request for disclosure. The Designating Party may then seek to prevent disclosure by filing a motion for protective order or take other appropriate action and, if so, the Confidential Information shall not be disclosed until the Designating Party's objection and/or motion for protective order has been resolved by agreement of the Parties or court order.

E. This Order may be modified or amended by agreement of the Parties, subject to approval by the Court, or by order of the Court for good cause shown.

F. This Order shall not act as a shield for any person or entity to refuse to disclose any information that it is, by law, rule, and/or court order, obligated to disclose.

G. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specifically retained for this case, to represent any individual, corporation, or other entity adverse to any Party of its affiliate(s) in connection with any other matters.

H. In the event that any person or entity subject to this Order violates or gives reason to believe that he or she will violate this Order, the aggrieved Party shall be entitled to petition the Court for an appropriate remedy.

### VI. DURATION OF ORDER

A.  Absent prior written consent of the Parties, the terms and conditions of this Order shall survive and remain in effect after the termination of this Case, including any appeals, except that:

1.  There shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and

2.  A Party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modification of this Order.

B.  The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of the above captioned case, including any appellate proceedings, or until the Court Orders otherwise. Within sixty (60) days after final conclusion of this case, including any appellate proceedings, Confidential Information (other than any exhibits made of record with the Court) and all copies thereof (including electronic copies) shall be returned to the appropriate Designating Party or, at the sole option of the Designating Party as so stated in writing, shall be destroyed. Counsel for any party or third party receiving Confidential Information in the above captioned case shall provide written notice of compliance with this provision and shall deliver the notice to counsel for each Designating Party within ninety (90) days after final conclusion of this case, including any appellate proceedings. The only exception to this paragraph is that counsel for each Party may keep, as part of its files for this case, one copy of each document designated as Confidential Information.

C.  This Order shall be binding upon the Parties, their counsel, successors, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors,

or other persons or entities over which the Parties have control or which purport to act on behalf of a Party.

D.  The Parties agree to be bound by the terms of the Order upon signing by counsel for each of the Parties. Material designated as Confidential Information and produced by any party in discovery prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such material was produced. Violation of its terms shall be subject to the same sanctions and penalties resulting from any violation of an order of this Court.

E.  The Court shall retain continuing jurisdiction to enforce this Order, make any such amendment(s), modification(s) and/or alteration(s) to this Order as may be appropriate, and/or resolve any dispute(s) arising out of or concerning the use, production and/or disclosure of Confidential Information as provided under this Order.

Respectfully submitted,

LAW OFFICE OF TIMOTHY P. THOMAS LLC

By: _____
Timothy P. Thomas
Dated: 12-4-15

Counsel for Plaintiff,
Eagle Rock Contracting, LLC

DENTONS US LLP

By: _____
Sandra B. Wick Mulvany
Dated: 12/4/15

Counsel for Defendant,
National Security Technologies, LLC

1  IT IS SO ORDERED.

2  Dated: December 8 , 2015.

_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

EAGLE ROCK CONTRACTING, LLC,

        Plaintiff,

vs.

NATIONAL SECURITY TECHNOLOGIES, LLC,

        Defendant.

CASE NO. 2:14-CV-01278-GMN-NJK

## ATTACHMENT A TO PROTECTIVE ORDER
## CONFIDENTIALITY ACKNOWLEDGEMENT

The undersigned hereby acknowledges and agrees:

I am aware that a Protective Order (the "Order") has been entered in the above captioned case. I have had the opportunity to read the Order and understand that my willful disclosure of Confidential Information may constitute contempt of court and may be grounds for sanctions and/or penalties, including costs related to enforcement of this Order. I agree to submit to this Court's jurisdiction for purposes of enforcement of the Order.

I will not disclose or discuss any Confidential Information with any person except those persons specifically listed in the Order under the procedures therein specified.

Signature: _____

Name (printed): _____

Address: _____

Telephone No.: _____

Dated: _____