UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EAGLE ROCK CONTRACTING, LLC,  )
                              )
              Plaintiff,      )     Case No.: 2:14-cv-01278-GMN-NJK
    vs.                       )
                              )     **ORDER**
NATIONAL SECURITY TECHNOLOGIES,)
LLC,                          )
                              )
              Defendant.      )

Before the Court is a Motion for Summary Judgment regarding Plaintiff's First and Second Causes of Action (ECF No. 65), a Motion for Summary Judgment regarding Plaintiff's First and Second Causes of Action (ECF No. 81), and a Motion for Summary Judgment regarding Defendant's Counterclaims (ECF No. 82) filed by Defendant National Security Technologies, LLC ("Defendant"). Also pending before the Court is a Motion to Strike (ECF No. 67) filed by Defendant.

### I. MOTIONS TO STRIKE

**A. Legal Standard**

The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). However, federal courts disfavor motions under Rule 12(f) and generally view them as a drastic remedy. *See, e.g.*, *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012); *Mag*

*Instrument, Inc. v. JS Products Inc.*, 595 F. Supp. 2d 1102, 1006 (C.D. Cal. 2008); *Sorenson v. Countrywide Home Loans, Inc.*, 2010 WL 308794, at *2 (E.D. Cal. Jan. 12, 2010). "If the court is in doubt as to whether challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (citing *Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

**B. Discussion**

Defendant moves to strike Plaintiff's Answer to the Counterclaims as untimely. (Mot. Strike 2:5, ECF No. 67). Alternatively, Defendant argues that, if the Court denies its Motion to Strike, it should permit Defendant to further depose Plaintiff's managing members, Ray Carson and Vicci Carson, out of time on the subject of Plaintiff's Answer. (*Id.* 2:6–8).

Pursuant to Rule 12(a)(1)(B), Plaintiff should have filed an answer to Defendant's Counterclaims within 21 days after being served with the pleading containing the Counterclaims. *See* Fed. R. Civ. P. 12(a)(1)(B). Here, Plaintiff filed its Answer more than seven months after Defendant had filed and served its Answer containing the Counterclaims. Accordingly, Plaintiff's Answer is clearly untimely. However, federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme like in the present case, is not, by itself, a sufficient reason for granting a motion to strike. *See McCabe v. Arave*, 827 F.2d 634, 63940 (9th Cir. 1987) (concluding that a district judge did not abuse his discretion by denying the plaintiffs' request that the defendants' defenses be stricken from an answer that plaintiffs received on the day of trial); *AT&T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1103 (N.D. Cal. 2008) (declining to strike an answer that was filed 170 days after the filing deadline where counsel admitted to his oversight, the plaintiff had been "vigorously defending and prosecuting" the action, and the moving party had not previously raised plaintiff's failure to answer); *Beal v. U.S. Dept. of Agriculture*, 2012 WL 3113181, at *2 (E.D.

Wash. Jul. 31, 2012) (declining to strike an answer, which was filed 14 months late, in light of "a judicial preference for deciding matters on their merits when possible"); *Estate of Hirata v. Ida*, 2011 WL 3290409, at *3 (D. Haw. June 14, 2011) (declining to strike an answer that was more than nine months late where defendants "demonstrated an intent to defend the case on the merits"). Taking into consideration that Plaintiff has been actively prosecuting this action and in light of a strong judicial preference for resoling cases on their merits, the Court finds that the untimeliness of Plaintiff's answer does not warrant striking Plaintiff's pleading.

However, the Court does find that, in light of the untimeliness of Plaintiff's Answer, Defendant should be allowed to further depose Plaintiff's managing members, Ray Carson and Vicci Carson, out of time on the subject of Plaintiff's Answer and the affirmative defenses therein. Accordingly, the Court will reopen discovery for an additional thirty (30) days from the date of this Order for this limited purpose.

## II.     MOTIONS FOR SUMMARY JUDGMENT

Defendant has filed three separate motions for summary judgment when Defendant should have filed a single motion for summary judgment to address all the raised arguments. *See Sherwin v. Infinity Auto Ins. Co.*, No. 2:11-CV-00043-MMD, 2012 WL 5378150, at *1 (D. Nev. Oct. 30, 2012). Local Rule 7-4 provides, "[P]oints and authorities in support of, or in response to, motions shall be limited to thirty (30) pages including the motion but excluding exhibits." D. Nev. R. 7-4. Defendant's attempt to circumvent Local Rule 7–4's page limit is transparent because the three partial motions total 73 pages evidencing Defendant's disregard for Rule 7–4's page limit. Thus, the Court denies the Motions without prejudice for failure to comply with Local Rule 7–4. The Court strongly cautions the parties that the Court will not consider motions that exceed Local Rule 7–4's page limit.

Defendant may refile a single motion for summary judgment to address all the raised issues that complies with Local Rule 7–4 within sixty (60) days of the date of this Order.

III. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike is **GRANTED in part** and **DENIED in part**. Specifically, the Court declines to strike Plaintiff's untimely Answer (ECF No. 64). However, the Court reopens discovery for an additional thirty (30) days from the date of this Order for the limited purpose of allowing Defendant to further depose Plaintiff's managing members, Ray Carson and Vicci Carson, on the subject of Plaintiff's Answer (ECF No. 64) and the affirmative defenses therein.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment regarding Plaintiff's First and Second Causes of Action (ECF No. 65), Motion for Summary Judgment regarding Plaintiff's First and Second Causes of Action (ECF No. 81), and Motion for Summary Judgment regarding Defendant's Counterclaims (ECF No. 82) are **DENIED without prejudice**. Accordingly, Defendant may refile a single motion for summary judgment to address all the raised issues that complies with Local Rule 7–4 within sixty (60) days of the date of this Order.

**DATED** this __14__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge